## HUSBANDS' NAMES INSERTED IN PARTITION DEEDS.

Circuit Court of Franklin County.

WATERMAN V. WATERMAN. *

*Quit-Claim Deeds in Amicable Partition—Names of Husbands of the Heirs Inserted—Title of Heirs not Affected Thereby—Possession of Husbands not Adverse.*

1. Where a family who had inherited certain real estate agreed to an amicable partition, the heirs joining in quit-claim deeds to each other in which deeds the names of their husbands were inserted, the heirs took title by inheritance and the quit-claim deeds will be regarded as merely the means adopted to sever the tenancy in common.

2. The insertion of the names of the husbands of the heirs in quit-claim deeds thus executed did not invest the husbands with title to any part of the property, but was a mistake of the scrivener, the husbands holding an undivided one-half of the property in trust for their wives, which upon the death of the wives descends to their heirs.

3. Under such circumstances the occupation of the property by the husband of one of the heirs during her lifetime was not adverse.

STEWART, J., SHAUCK, J., and SHEARER, J.

BY THE COURT.

A family by the name of Anderson, having inherited certain real estate in Franklin county, in 1855, by a mutual agreement had an amicable partition made, in which the various heirs and their consorts joined in quit-claim deeds to each other. One of these Andersons, to-wit, Rebecca Ann, had married a man by the name of Waterman, but when the quit-claim deed by the others was made, they inserted in it, as grantees, not only Rebecca Waterman, who was the sole owner, but also her husband's name. The same kind of a deed was made to the other female heirs, that is: their husband's names were inserted with them, as grantees in the deed. Waterman and his wife lived on this place and used and occupied the same until a year or two before the commencement of this action, when Mrs. Water-

* Affirmed without report (57 Ohio State, 659).

man died.  Her husband claimed under the deed to be entitled to one-half of the property and also his dower in his wife's one-half.  The children of Mrs. Waterman claimed that she was the equitable owner of the entire tract.  A decree was granted as follows:

This day this cause came on for hearing, upon the petition of the plaintiff filed herein January 22, 1894; the answer and cross-petition of Chas. F. Waterman, and others, filed herein March 14, 1894; the answer of Edward Waterman, Clarence Waterman and Mabel Waterman, infants, by their guardian *ad litem,* filed March 18, 1895; the answer of Herbert Waterman, Florence Waterman, Walter Waterman and Harold Waterman, infants, by their guardian *ad litem,* filed March 23, 1895; the answer and cross-petition of Ida M. Waterman, filed March 23, 1895, and the second amended reply of the plaintiff, filed March 30, 1895, and was heard upon said pleadings, the exhibits and the testimony, and was argued by counsel and submitted to the court, and upon consideration thereof and being fully advised in the premises, the court doth find from the evidence the following facts and the law governing the same, as follows, to-wit:

First.  Rebecca Ann Waterman took title to the forty-five acres in dispute by inheritance.  The deeds and partition proceeding being the means adopted to sever the tenancy in common and set apart separate tracts to each.

Second.  That in the execution and exchange of the deeds and the election in partition, there was no intention on the part of the plaintiff and his deceased wife to make a gift or advancement to the plaintiff.

Third.  The insertion of the plaintiff's name in said deed from the Andersons and in the election confirmed by the court, was a mistake of the scrivener drawing the deed and furnishing the entry of confirmation.  The occupation of said premises by the plaintiff during the lifetime of Rebecca Ann Waterman, his wife, was not adverse.

Fifth.  The improvement of the estate by the plaintiff was made with knowledge on his part of the facts supporting the

title of his wife, Rebecca Ann Waterman. From these facts so found, and arising from the attending circumstances, it follows, as a matter of law, and the court find that Rebecca Ann Waterman was seized in fee not only of the legal title of undivided half of the forty-five acre tract, but also of the beneficial interest in the other half, and that A. Frederick Waterman only held the title to the undivided one-half thereof in trust for said Rebecca, and so the title remained until the death of said Rebecca, when it descended to the defendants as her heirs at law.

To each and all of which findings of fact and conclusions of law the plaintiff excepts. It is now, therefore, ordered and adjudged that the petition be and the same is hereby denied. To which judgment of the court the plaintiff excepts. And it is now further considered and adjudged that the plaintiff, A. Frederick Waterman, make, execute and deliver to the defendants, Mary E. Waterman, Emma L. Waterman and Alfred G. Waterman, children of Rebecca Ann Waterman, deceased, and to Edward Waterman, Clarence Waterman, Mabel Waterman, Herbert Waterman, Florence Waterman, Walter Waterman, Harold Waterman, children and heirs at law of Charles F. Waterman, deceased, who was a son of the said Rebecca Ann Waterman, a good and sufficient deed or deeds of quit-claim, conveying to said defendants a fee simple title to the undivided one-half of the said forty-five acres of land described in the petition subject to his rights of dower therein, and that in default thereof for a period thirty days from the date of this decree, that it operate and stand as such conveyance. Said forty-five acre tract of land is described as follows, to-wit:

Situated in the county of Franklin, state of Ohio, and in Franklin township, being forty-five acres of land off from the east side of the tract estimated to contain sixty-six acres adjoining on the east the farm known as the John Anderson Homestead farm, said sixty-six acre tract being the same conveyed by John Anderson to his sons, Robert, Joshua and J. Redding Anderson, by deed dated May 30, 1836, and being the same forty-five acres of land quit-claimed and released to Rebecca Ann

Waterman, and A. Frederick Waterman, by deed dated December 24, 1855, by J. Redding Anderson and others, and appearing of record in deed book 84, page 92, Franklin county deed record.

To all of which orders, judgments and decree of the court the plaintiff excepts. The said deed or deeds of quit-claim to be executed by the said A. Frederick Waterman shall convey the undivided three-fourths of the undivided one-half of the said forty-five acre tract subject to the dower estate therein to the said Mary E. Waterman and Alfred G. Waterman jointly, so that each of said seven children shall take an undivided one-seventh of said undivided one-fourth so conveyed subject to the right of dower of the said Ida M. Waterman, as the widow of Charles F. Waterman, deceased, in the said undivided one-fourth so conveyed.